Judge Milligan delivered the unanimous opinion of the court.
 

 Milligav,
 
 Justice:
 

 This case comes up on questions of law reserved, from the Superior Court sitting in Sussex county.
 

 The case stood before the Superior Court, and is now before this court, on a question as to the admissibility of the law of Pennsylvania in evidence, under any averment in the narr., and it did not necessarily involve the question of the
 
 sufficiency
 
 of such averment to support the cause of action, which was not
 
 at that time
 
 before the court.
 

 The question then was, not whether the averment supported the plaintiff’s action, but whether the evidence offered, supported or tended to support the averment. The matter of the sufficiency of the averment to sustain the action, was not to be considered in this torm, but only its sufficiency to admit this evidence.
 

 I The action was for a slander, in imputing to the plaintiff the crime pf burning the Pennsylvania hall in the State of Pennsylvania. It Ivas necessary to aver and prove the burning of the hall; and, as luch act was a crime only by reference to the law of another State,It was also necessary, in order to sustain the action, to aver the ex-Itence of a law of that State malting it a crime. But though an Iverment of such law might be insufficient for the purposes of the Iction, it does not therefore follow that on a mere question of evi-lence, such averment might not be sufficient for the purpose of admitting evidence. To effect this object, it was only necessary that lie law offered shall sustain the averment, and the question as to the lifficiency of the averment was not properly brought up on object-lig to the admissibility of the law.
 

 I The cases referred to by the counsel on the part of the defendant, ■ustrate this distinction.
 

 I In the case of the
 
 Bank of Wilmington and Brandywine
 
 vs.
 
 Coop
 
 er’s
 
 adm’r.,
 
 (1
 
 Harr. Rep.
 
 10,) which was an action on a promissory Ite, payable by O. Horsey,
 
 at the bank,
 
 the declaration averred a ■esentment for payment
 
 to the said 0. Horsey, personally.
 
 Proof of
 
 *458
 
 this was admitted; but Mr. Bayard, who acted as counsel for the defendant, afterwards moved a nonsuit, on the ground that there was no averment of presentment
 
 at Ike place
 
 of payment, and the court accordingly nonsuited the plaintiff; not because the proof was inadmissible, but because the averment was insufficient. So in the other case referred to, which was an action under the act regulating fences, to recover double damages for not repairing a division fence under the orders of a justice of the peace; and there was
 
 no
 
 averment that the fence had been adjudged insufficient by the fence viewers as the law requires. The court nonsuited the plaintiff, and they would undoubtedly have ruled out any evidence of such adjudication, because there was no averment in the narr. under which such evidence would have been admissible.
 

 Houston,
 
 (with' whom was
 
 Ridgely,)
 
 for plaintiff.
 

 J A. Bayard,
 
 for defendant.
 

 But in this case, there is an averment that “whereas, also by a certain law or act of the legislature of the State of Pennsylvania, if is provided among other things, that every person duly convicted o the crime of maliciously and voluntarily burning the dwelling house or any other house adjoining thereto, belonging to any other persor or persons, or as being accessory thereto, shall be sentenced to un dergo solitary confinement at labor,' for a period of not less than on< or more than two years for the first offence, agreeably to the provi sions of said act.”
 

 The evidence offered to support
 
 this averment
 
 proved it; and wa only objected .to because the averment itself did not go far enoug back, and alledge the existence of the law
 
 at the time
 
 of the burning of the hall. If this were granted, it would not operate to exclud the evidence, but might defeat the plaintiff, if taken in another fornJB The only question then before the court was, whether the avermerH was sufficient to authorize the proof offered. In the opinion of thfl court it was sufficient, and therefore, the evidence was properly acfl mitted by the court below. H